IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| KENDALL WHITAKER,<br>Petitioner<br><br>v.<br><br>PATRICIA A. COYNE-FAGUE,<br>Respondent | : : : : : : : : : : : | No. 1:19-cv-00051-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge

    Kendall Whitaker is a state prisoner, confined to the Adult Correctional Institutions in Cranston, Rhode Island, by virtue of his convictions for a series of offenses arising out of a robbery and fatal shooting. On June 15, 2006, he was sentenced to life for murder and a consecutive life sentence for discharging a firearm during the commission of a crime of violence, death resulting. He was also sentenced to other, lesser sentences for charges contained in the same indictment. His conviction was upheld on appeal. *State v. Whitaker,* 79 A.3d 795 (R.I. 2013). Although Mr. Whitaker challenged, on direct appeal, both the jury instructions and sufficiency of the evidence related to the state's aiding and abetting theory of liability, he did not raise the claim that forms the core of his allegations in this Court: the fact that the jury was not required to find that Mr. Whitaker had actual advance

1

knowledge that his confederate, who may have carried out the fatal shooting, was armed.[1] That claim did not crystallize until the United States Supreme Court decided the case of *United States v. Rosemond*, 572 U.S. 65, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014). *Rosemond,* resolving a conflict among the Circuit Courts of Appeals, held that a prosecution pursuant to 18 U.S.C. § 924(c), for aiding and abetting the carrying a firearm during a crime of violence, requires proof that the alleged aider and abettor knew that the principal was armed. Reasoning that aiding and abetting is a purposeful crime, requiring the intent to assist, the Court found that a critical component of the *mens rea* is the desire to assist in the specific crime charged. That desire requires knowledge of the component that makes that act a crime – i.e., that the principal was carrying a firearm. That knowledge must exist early enough to enable the aider and abettor "to make the relevant legal (and indeed, moral) choice" to "alter the plan or … withdraw from the enterprise." *Id.* at 78.

Whittaker's prosecution in state court was predicated on aiding and abetting liability. The evidence is recounted in more detail at *State v. Whitaker,* 79 A.3d 795 (R.I. 2013). For purposes of this petition, it suffices to say that the government alleged, and proved to a jury's satisfaction, that Mr. Whitaker arrived at Tammy Kennedy's apartment in the company of Brandon Robinson and Richard Isom. A birthday party was ongoing. Mr. Whitaker had allegedly said, prior to arriving at

---

[1] As discussed below, both Mr. Whitaker and his confederate were armed. Although it appears that the confederate, Brandon Robinson, fired the fatal shot, there was some evidence that it may have been Mr. Whitaker himself. The habeas petition before the Court is predicated on the jury's finding of aiding and abetting liability, not liability as a principal.

2

the apartment, that he wanted to "steal a gold chain that [party-goer Joel] Jackson was wearing." *Id.* at 801. For reasons that are irrelevant here, a scuffle broke out between Robinson and Jackson and another partygoer, George Toby. The three struggled over a gun that Robinson was holding. A shot was fired, which killed Jackson. There was some testimony from Robinson, corroborated by Toby, that he had not fired his gun. There was also testimony that Whitaker had drawn a gun and pointed it at the scuffle, but not that he had fired it.

Whitaker's jury was instructed on aiding and abetting liability. While Whitaker claimed error in the aiding and abetting instructions, and claimed insufficiency of the aiding and abetting evidence, *Rosemond* had not yet been decided and he did not frame the issue in those terms. The Rhode Island Supreme Court found that there was no error in the instructions and that there had been a waiver of the sufficiency claim. After denial of his direct appeal, Whittaker brought an application for post-conviction relief in the state trial court, and that application was granted. The trial justice held that *Rosemond* should apply to Whitaker's trial, and that Whitaker's counsel had been ineffective for not challenging both the instruction and evidence on *Rosemond* grounds. The Rhode Island Supreme Court reversed. *Whitaker v. State*, 199 A.3d 1021, 1026 (R.I. 2019). The Rhode Island Court reasoned that *Rosemond* was a sub constitutional decision, affecting only prosecutions under the federal statute and did not therefore impact Rhode Island's longstanding law that an aider and abettor "is held responsible for the natural, or reasonable, or probable consequences of any act that he knowingly and intentionally aided," without regard

3

to his advance knowledge or ability to foresee precise consequences. *Id.* at 1029. In addition, the Court rejected the notion that *Rosemond*, if it applied, deserved retroactive effect. *Id.* at 1030-31.

## I.  STANDARD OF REVIEW

A state prisoner seeking relief in the federal courts must demonstrate under 28 U.S.C. § 2254(d), that the state court's judgment was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts …" I find that neither predicate has been met.

## II.  ANALYSIS

Mr. Whitaker filed a petition under 28 U.S.C. §2254 claiming that his conviction resulted from the ineffective assistance of counsel. He has framed four separate counts, pointing to counsel's failure to raise *Rosemond* objections to the jury instructions, the failure of the jury verdict sheet to reflect *Rosemond* requirements,[2]

---

[2] This claim is confusing. Mr. Whitaker complains that his counsel did not challenge the failure of the jury verdict form, in permitting conviction under a felony murder theory, to instruct "on aiding and abetting as grounds for convicting on that charge." (ECF No. 10, ¶ 11). This claim seems to also depend on Mr. Whitaker's assertion that "[t]he Supreme Court of the United States announced a new constitution [sic] holding which applied retroactively in Rosemond v. United States … with regard to aiding and abetting instructions …" *Id.* (citation omitted). The State claims it is unexhausted. (ECF No. 12, p. 15). I read this Count as simply another way of asserting the same argument that has been well-exhausted in the state court proceedings: that *Rosemond* is constitutional, and its holding should have governed in all respects at Mr. Whitaker's trial.

4

counsel's failure to pursue *Rosemond* deficiencies in the evidence, and the denial of fundamental fairness predicated on the failure to apply *Rosemond* to his trial.[3]

Although framed in four separate ways, this petition turns on two straightforward questions: Is *Rosemond* a constitutionally grounded decision? If it is, does it have retroactive effect? If it is not constitutionally based, the Rhode Island Supreme Court is entitled to define the theory of aiding and abetting liability. While *Rosemond* and the First Circuit (and out of state) cases that agree with it seem to have the benefit of wisdom and logic, they lack the binding force of authority over Rhode Island state courts.[4]

As this Court reads *Rosemond*, and decisions interpreting it, the answer is that *Rosemond* is not a constitutionally binding decision and even if it were, it would not be retroactive as a matter of federal law.

### Grounds for Habeas Relief

1. *Rosemond* – Federal Law.

There is nothing in Rosemond that even hints of a constitutionally based decision. There are no constitutional provisions cited, the word "constitutional" is

---

[3] Noticeably absent from Mr. Whitaker's formulation is a direct claim that conviction and punishment of aiding and abetting without advance knowledge of the principal's possession of a gun denies him a fair trial. That claim finds nothing in *Rosemond* to support it, and so Mr. Whitaker has devised four "back-door" arguments heading down the same hallway.

[4] The petitioner filed a 58-page Memorandum in opposition to the Motion to Dismiss. While the Court greatly appreciates the effort, the Memorandum does not directly address the distinction between a rule of federal constitutionality and a rule of substantive federal criminal procedure.

mentioned only once in the dissent's discussion of a Ninth Circuit case, *Rosemond* at 91, and the entire decision is framed as a discussion of common-law elements of aiding and abetting. There is no language in the opinion that can reasonably be read as related to any specific constitutional amendment, nor to the more amorphous concepts of "fair trial" or "fundamental fairness." The First Circuit has applied *Rosemond* in *United States v. Ford*, 821 F.3d 63 (1st Cir. 2016) and in *United States v. Encarnacion-Ruiz*, 787 F.3d 581 (1st Cir. 2015), and there is nothing in either decision that indicates a constitutionally based analysis. *See McKinnon v. Spaulding,* 444 F.Supp.3d 255, 260 (D.Mass. March 13, 2020) (*Rosemond* did not announce new rule of constitutional law). *Accord, Vasquez-Castro v. United States,* 53 F.Supp.3d 514, 522 (D.P.R. 2014). Several state courts have held the same. *State v. Ward*, 473 S.W.3d 686, 693 (Mo. App. 2015) (*Rosemond* not constitutionally based and does not affect Missouri aiding and abetting law). *Accord, State v. Dull,* 888 N.W.2d 247 (Table), 2016 WL 6272732 at *2 (Wis. App. 2016); *People v. English,* Docket No. 327206, 2016 WL 4375959, at *4, n. 3 (Mich. App. 2016); *Hicks v. State*, 759 S.E.2d 509, 514, n. 3 (Ga. 2014).

Because *Rosemond* is not a constitutionally based decision and does not affect Rhode Island's aiding and abetting liability definition, there is no need to discuss retroactivity.[5]

---

[5] In the First Circuit, which has long adhered to the reasoning of *Rosemond*, the decision has not been given retroactive effect. *See e.g., Cover v. United States,* CR No. 08-091-ML, 2016 WL 323607 at *3 (D.R.I. Jan. 26, 2016); *Cordero v. Tatum,* 15-cv-501-LM, 2016 WL 3511555, at *2, n. 4 (D.N.H. May 20, 2016). *Compare, Steiner v. United States,* 940 F.3d 1282, 1290-91 (11th Cir. 2019) (because Eleventh Circuit

Nothing in Rhode Island's determination of this case conflicts with clearly settled federal constitutional law. Because *Rosemond* is not binding on Rhode Island's interpretation of its aiding and abetting law, counsel's failure to request *Rosemond* instructions or to complain of *Rosemond*-type insufficiencies in the evidence cannot have been ineffective. They reflect actual Rhode Island state law, and that interpretation of state law is binding on this Court. *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 603, 163 L.Ed.2d 407 (2005). Even in a jurisdiction where *Rosemond* dictated a change in law, the failure to predict that change would not be clearly ineffective. *Steiner v. United States,* 940 F.3d 1282, 1285 (11th Cir. 2019) (cannot be ineffective where actions were consistent with stated law at the time of trial).

2. **State Court Determination of Facts.**

Mr. Whitaker fails to satisfy the second prong of 18 U.S.C. § 2254. His Petition does not identify any findings of fact that are unreasonable. The Rhode Island Supreme Court, in addition to rejecting the applicability of *Rosemond* went on to note that even if *Rosemond* applied, the facts established that Mr. Whitaker himself was armed. Thus, it found that, even if Mr. Whitaker lacked advance knowledge that *Robinson* had a gun, and even if such knowledge were required, the fact that he himself was carrying would provide sufficient *scienter* for a conviction of aiding and abetting.

---

had followed "natural and probable consequence rule" instead of actual advance knowledge, *Rosemond* constituted a new rule and given retroactive effect).

7

IT IS SO ORDERED:

/s/ Mary S. McElroy
Mary S. McElroy,
United States District Judge
January 27, 2021